UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KENNETH HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:22-CV-48-DCLC-CRW |
| GREENE COUNTY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kenneth Harris, an inmate housed in the Sullivan County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, and this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted.

I.   **MOTION TO PROCEED *IN FORMA PAUPERIS***

Because it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     SCREENING OF COMPLAINT

    A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed that courts should liberally construe pro se pleadings and hold them "to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's

2

Case 2:22-cv-00048-DCLC-CRW   Document 5   Filed 05/05/22   Page 2 of 6   PageID #: 21

right to relief "above the speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570 (citation omitted).

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

**B.    Plaintiff's Allegations**

Plaintiff was booked into the Greene County Detention Center on April 7, 2021, on charges Plaintiff does not identify and was ultimately sentenced to time served on that charge on January 14, 2022 [Doc. 1 p. 3-4]. After Plaintiff signed his release papers, he was confronted by an individual "claiming to be from Virginia with warrants for [his] arrest in that state" [*Id*. at 4]. Plaintiff had not received any notification from Greene County that he had any holds lodged against him, however, so he "did not go with" the individual purporting to have an arrest warrant [*Id.*]. Some twenty minutes later, Plaintiff was served with a fugitive from justice warrant from the State of Tennessee asserting that Greene County Detention Center had received a detainer on Plaintiff from the Christiansburg Police Department in Christiansburg, Virginia, on December 8, 2021 [*Id*. at 5]. Plaintiff was unaware of the detainer until he was served with the fugitive warrant on January 14, 2022 [*Id*.].

Plaintiff was then apparently detained in the Greene County Detention Center on the basis of the fugitive from justice warrant and appeared in court to address the warrant on January 18, 2022 [*Id*. at 6]. The trial judge appointed Plaintiff counsel on that date and set a hearing for March 7, 2022 [*Id.*]. Plaintiff's attorney never came to visit Plaintiff prior to the hearing date, maintaining that "he never received any paperwork" for representation [*Id*. at 7]. Nonetheless, the attorney

3

advised Plaintiff that the case against him had been nolle prossed [*Id*. at 7-8]. The same date, March 7, 2022, Plaintiff was transferred to the Sullivan County Jail on an unidentified charge and/or sentence [*Id*. at 8].

In the approximately eighty-nine days that lapsed between the date the detainer was lodged against Plaintiff and the resolution of the fugitive warrant on March 7, 2022, Plaintiff never received formal notification of the detainer [*Id*. at 7]. Plaintiff seeks monetary compensation for the forty-seven days he was held in Greene County on the fugitive from justice warrant [*Id*. at 8].

### C. Analysis

The allegations of Plaintiff's complaint combine Greene County, Tennessee charges, a detainer from Virginia, a Tennessee fugitive from justice warrant, and a current detention in the Sullivan County Jail. While Plaintiff complains that a Virginia detainer that he had no knowledge of was used to prolong his detention in the Greene County Detention Center, all of his factual allegations indicate he was detained pursuant to legal process, that is, he was served with a fugitive from justice warrant out of Virginia.

Plaintiff maintains that he was booked into Greene County Detention Center on charges he does not identify, (and which is not the basis of his complaint here), and that upon his release he was apprehended pursuant to a Tennessee fugitive from justice warrant,[1] that he was taken before a judge, appointed counsel, and that the charges were ultimately dismissed. Therefore, Plaintiff's allegations fail to implicate any of Plaintiff's rights to due process, a speedy trial, or counsel in a criminal proceeding. Further, Plaintiff alleges that on the day the Tennessee fugitive warrant was dismissed, he was transferred to the Sullivan County Jail, where he is currently detained on other

---

[1] The fugitive from justice statute is found at Tenn. Code Ann. § 40-9-103, which authorizes the arrest and apprehension of any person who is charged with the commission of a crime in another state who is found in this state.

4

state charges that he does not identify [Doc. 1, p. 8].  Accordingly, Plaintiff's allegations do not plausibly allege that he was or is detained due to any improper proceeding or process.

Plaintiff also maintains that his rights under the Interstate Agreement on Detainers ("IAD") were violated because he was not aware of the detainer lodged by Virginia.  The IAD "is a compact entered into by 48 States, the United States, and the District of Columbia, to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000).  Plaintiff does not contend that he is currently subject to an out-of-state detainer, or that any detainer that might have been lodged against him was invalid.  Greene County's alleged failure to properly process the relevant paperwork, without more, cannot form the basis of a § 1983 action.  *See Yost v. Ryan*, No. 89-6154, 1990 WL 12184, *1 (6th Cir. Feb. 13, 1990) (holding lack of due care on part of prison official in timely forwarding IAD forms to the proper authorities does not state a claim under § 1983).

In sum, Plaintiff has failed to state a plausible § 1983 claim upon which relief may be granted, and this action will be dismissed.

### III.  CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.  Even with the benefit of liberal construction, Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED**; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker<br>
United States District Judge